Richard J. Meier, Esq.
The Litigation Practice Group
17542 E. 17th Street, Suite 100
Tustin, CA 92780
Tel: 657-600-9790
Fax: 949-315-4332
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Denise Melone,<br><br>       Plaintiff,<br><br>v.<br><br>Webcollex, LLC<br>CKS Financial<br>c/o CT Corporation System<br>208 SO Lasalle ST, Suite 814<br>Chicago, IL 60604<br><br>       Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND OTHER EQUITABLE RELIEF**<br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3. Plaintiff is a resident of the State of California.

4. Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act, 15 USC 1692 et seq. ("FDCPA").

5. Plaintiff incurred a "Debt" as defined in the FDCPA.

6. Defendant is a company with its principal office in the State of [STATE].

7. Defendant acquired the Debt after it was in default.

COMPLAINT - 1

8. Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

9. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

10. At all times relevant, Defendant was a "debt collector" as defined in the FDCPA.

## FACTS COMMON TO ALL COUNTS

11. On or around December 22, 2021, Plaintiff's attorney sent a letter to Defendant notifying Defendant that Plaintiff was represented by an attorney with respect to the Debt.

12. Despite having notice of Plaintiff's representation, Defendant communicated with Plaintiff at least one (1) more time thereafter.

13. By communicating with Plaintiff after having notice of Plaintiff's representation, Defendant violated the FDCPA.

14. By communicating with Plaintiff after having notice of Plaintiff's representation, Defendant violated the Rosenthal FDCPA.

15. Defendant damaged Plaintiff.

## COUNT I – FDCPA VIOLATION

16. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

17. Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## COUNT II – FDCPA VIOLATION

18. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

19. Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT III – FDCPA VIOLATION

20. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21. Defendant violated 15 USC § 1692c(a)(2) by communicating with Plaintiff after having notice of attorney representation.

## COUNT IV – ROSENTHAL FDCPA

22. Violation of the Rosenthal Fair Debt Collection Practices Act.

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated California Civil Code §1788.14(c) by communicating with Plaintiffs despite having written notice that Plaintiffs were represented by an attorney.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the California Rosenthal Fair Debt Collection Practices Act, pursuant to California Civil Code §1788.30(b);

   d. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3) and California Civil Code §1788.30(c); and

e.  Any other legal and/or equitable relief as the Court deems appropriate.

                                        RESPECTFULLY SUBMITTED,

                                        Meier LLC

                                        By: */s/ Richard J. Meier*
                                        Richard J. Meier, Esq.
                                        *Attorney for Plaintiff*